UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

RAMON SANCHEZ-ROSSIS

               *Plaintiff.*                             **CIVIL ACTION**

   -   Against   -

THE CITY OF NEW YORK.                        Index No. _____

NEW YORK CITY POLICE DEPARTMENT,

New York Police Officer Wilbert Hernandez Shield #031811     VERIFIED COMPLAINT
                                                         JURY CLAIM
                                                         AS TO ALL COUNTS

               *Defendant(s).*

_____X

INTRODUCTION

RAMON SANCHEZ-ROSSIS ("ROSSIS") of Bronx, New York, by and through his attorney,

and the law firm of Gonzalez Law Associates, PLLC asserts the following allegations against the

Defendant, as follows in the above-entitled action:

        1. Violation of 42 U.S.C. §1983: False Arrest & False Imprisonment

        2. Violation of the Eighth Amendment of the U.S. Constitution: Excessive Force

        3. Violation of 42 U.S.C. §1983: Failure to Train and Supervise

JURISDICTION:

1.  Jurisdiction of this court arises under 28 U.S.C. secs 1331, 1337, 1343(a), and 1367(a); 42

    U.S.C. secs. 1983, 1985, 1986, and 1988; and 18 U.S.C. 1961-1968.

2.  Jurisdiction of this court for the pendent claims is authorized by F.R.Civ.P 18(a), and arises

    under the doctrine of pendent jurisdiction as set forth in United Mine Workers v. Gibbs, 383

    U.S. 715 (1966).

PARTIES:

3.  Plaintiff RAMON SANCHEZ-ROSSIS ["ROSSIS"] is a natural person residing in Bronx,

    New York, United States of America and was a resident of New York, NY during all relevant

    times of this action.

4.  Defendant City of New York is a properly incorporated city in the State of New York and is

    being sued under "Monell" claims.

5.  Defendant New York Police Department is an authorized agency of the City of New York.

FACTUAL HISTORY

6.  Plaintiff makes this claim for personal injuries, physical, emotional, mental and psychological

pain and suffering, embarrassment, and humiliation sustained by claimant as a result of

intentional, reckless, and or/negligent conduct by agents, servants, and employees of the City of

New York.

7.  Plaintiff was falsely imprisoned and subjected to illegal search and seizure, violations of his

right to due process, retaliation for protected First Amendment activity, assault and battery and

the intentional use of excessive force, and his civil rights were violated and claimant's property was damaged.

8.  Plaintiff also alleges negligence in hiring and retention of incompetent and unfit New York City Police Department employees, and negligence in training and instruction of such employees. All of the above are as consequence of the conducts of agents and employees of the City of New York and the New York City Police Department.

9.  The claim arose on or about September 17, 2015 at approximately 6:55 a.m. inside of 1391 Stabbing Avenue, Room 205, County of the Bronx, State of New York.

10.  On or about September 17, 2015 Plaintiff was assaulted and falsely arrested and imprisoned by New York Police Officer, Wilbert Hernandez Shield #031811 on the charges of criminal possession of controlled substance in the 7th degree and unlawful possession of marijuana.

11.  Plaintiff suffered physical injuries requiring hospitalization but was denied to get medical treatment by the police and was eventually falsely imprisoned for several days.

12.  Plaintiff was falsely imprisoned until his release a day later on or about September 18, 2015. He was maliciously prosecuted because he was required to appear in court numerous times, including September 18, 2015 and will be required in court on November 12, 2016 on specious charges.

13.  Plaintiff sustained injuries to his emotion and physical wellbeing, the extent of which are as yet not fully determined. Plaintiff claims damages to his personal property, damages for pain and

suffering and punitive damages, and diverse general and special damages, the exact extent as not

yet have been fully determined and damages under 42 U.S.C. 1983.

### FIRST CAUSE OF ACTION: FALSE ARREST/FALSE IMPRISONMENT

14.   As to false arrest, the elements for such a cause of action are: (1) the intentional

confinement of the claimant; (2) claimant's conscious awareness of the confinement; (3)

claimant's lack of consent to the confinement; and (4) the confinement was not otherwise

privileged. Additionally, an arrest made pursuant to a warrant that is facially valid and issued by

a court possessing jurisdiction can give rise only to a cause of action for malicious prosecution –

not for false arrest. See *Broughton,* supra.

15.  Under the first cause of action, Plaintiff brings assertions against both the New York City

Police Department.

16.  As to the former, Plaintiff was falsely arrested & imprisoned and subjected to illegal search

and seizure, violations of his right to due process, retaliation for protected First Amendment

activity, assault and battery and the intentional use of excessive force, and his civil rights were

violated and claimant's property was damaged.

17.  Also, as noted above, Plaintiff was falsely imprisoned until his release a day later on or

about September 18, 2015.

18.  He was maliciously prosecuted because he was required to appear in court numerous times,

including September 18, 2015 and will be required in court on November 18, 2016 on specious

charges.

19. Therefore, Plaintiff has a valid case against defendants for such procedural errors and errors of law.

SECOND CAUSE OF ACTION: POLICE BRUTALITY & EXCESSIVE FORCE

20.  For a case of police brutality for excessive force under 42 USC §1983, as *Graham*, 490 U.S. at 396 states, to determine whether force is "reasonable" case law has measured the evaluation of "reasonableness" as judged from the perspective of a reasonable officer acting at the moment.

21. As noted above, after Plaintiff was assaulted, he suffered physical injuries requiring hospitalization but was denied to get medical treatment by the police and was eventually falsely imprisoned for several days.

22.  Under the circumstances, the officer's actions were outrageous and not objectively reasonable when the officer assaulted Plaintiff, where he neither provoked the attacks nor could adequately counter defend himself and where he has suffered several physical, and psychological damages.

23. Therefore, Plaintiff adequately states a claim under 42 USC §1983 where both correctional officers acted under color of law, and violated the Plaintiff's federal constitutional or statutory rights. *Delgado v City of New York*, 86 AD3d 502, 511 [1st Dept 2011].

24.  Also, as the correctional officers were acting under their official capacity, there exists: (1) an official policy or custom that (2) caused [him] to be subjected to (3) a denial of that constitutional right. *Linen v County of Rensselaer*, 274 AD2d 911, 913 [3d Dept 2000].

25. Since here, the claims above are asserted against individual municipal employees in their official capacities, there is proof of customs and policies respective to both the New York City Police Department, and the City of New York to permit recovery.

26. Said conduct caused Plaintiff demonstrable injuries, pain and suffering. Furthermore this illegal conduct violated Plaintiff's clearly established rights under the 8th and Fourteenth Amendments to the Constitution of the United States.

## THIRD CAUSE OF ACTION: FAILURE TO TRAIN AND SUPERVISE

27. To establish Municipal Liability, four elements must be established: (1) the deprivation of a federal right by a person acting under color of state law, (2) the existence of a municipal policy or custom, (3) a direct causal link between the policy or custom and the injury alleged, and (4) [municipal] policy was enacted or maintained with deliberate indifference to an almost inevitable constitutional injury.

28.  As noted in other sections of this Complaint, police procedures were conducted in a manner contrary in law to provide minimum guarantees to as to Plaintiff's safety and other protections of due process. Plaintiff's assault by the officers raises questions as to undermine the public trust in its police force and independence where those accused of crimes are afforded protections as to their safety while imprisoned.

29.  For "Monell" purposes, Defendant City of New York ("City") failed to properly train their police department employees on the proper procedures for conducting an investigation and arrest.

30. Furthermore, we allege that it is Department policy to make arrests where allegations of criminality take place, as such all members employed by said department in a position/capacity to arrest any other individual would/should properly be trained by the department to perform said duty in a just and proper manner.

31. We also allege that it is the general practice of the Department to fully investigate any and all matters before them, and do so in a proper and judicious manner, the failure to have done so in this matter is a breach of the aforementioned implied, and direct, policy of this department.

32. Defendant City also allowed a policy or custom to be implemented and carried out, or practiced within its police department, to wit, using whatever means possible to arrest and prosecute individuals for various offenses, while being indifferent to whether or not there was probable cause or a factual basis for the belief that the person committed the crime.

33. Defendant City knew or should have known that this type of conduct, custom, unwritten policy, or practice was taking place in their police department. This practice directly led to the false arrest and false imprisonment, of Mr. Mustafa for an offense that he did not commit.

34. In this case, Plaintiff was deprived of his civil rights as a result of the mistreatment, injuries, and procedural errors as sustained during his arrest. Both the City and Police Department's complete failure to train police officers has inferred the presence of a municipal custom that authorizes and condones police misconduct.

DAMAGES:

35. WHEREFORE, Plaintiff demands judgement against the Defendant in the sum of 1,000,000 together with costs and disbursements of this action, as well as any other additional relief this Court deems just and proper.

36. Plaintiff demands judgment against each of said defendants, jointly and severally for punitive damages in the amount of $1,000,000 plus the costs of this action, including attorney's fees, and such actual relief deemed to be just and equitable.

37. "Punitive damages are recoverable in sec. 1983 suit where defendants conduct is motivated by an evil motive or intent, or where it involves reckless or callous indifference to plaintiff's federally protected rights." Smith v. Wage, 461 U.S. 30, 50-51 (1983). Clark v. Taylor, 710 F.2d 4, 14 (1st Cir. 1983). Miga, supra at 355.

Dated: Bronx, New York

      January 29, 2018

                                    Carlos Gonzalez, Esq.

                                    _____

**VERIFICATION**

The undersigned, the Plaintiff, in this action, affirms under the penalties of perjury:

That the deponent is the Plaintiff in the within action, that the deponent has read the foregoing VERIFIED SUMMONS AND COMPLAINT and knows the contents thereof, and that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief and that as to those matters, deponent believes those to be true.

The grounds for deponent's belief as to all matters not stated upon his knowledge are investigations which his attorney has made or has caused to be made concerning the subject matter of this action, and statements of parties or witnesses herein.

Dated: Bronx, NY

January 29, 2018

Signed:

_____

Ramon Sanchez-Rossis